# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROBERTS,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER SALANO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00162-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF EIGHTH AMENDMENT CLAIM AND DEFENDANT MARTINEZ<br><br>(Docs. 1, 6, and 8) |

**Findings and Recommendations Following Screening of Complaint**

**I.     Procedural History**

Plaintiff James Edward Roberts ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 31, 2008. On September 2, 2008, the Court issued an order finding that Plaintiff's complaint states a cognizable claim against Defendant Salano for violating Plaintiff's right to informational privacy under the Due Process Clause but does not state a claim against Defendant Martinez. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Salano. On September 23, 2008, Plaintiff notified the Court that he does not wish to amend and is willing to proceed only against Defendant Salano. Based on Plaintiff's notice, this Findings and Recommendations now issues.

///

///

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. Plaintiff's Claims

Plaintiff alleges that while on the yard at California State Prison-Corcoran on August 11, 2007, Defendant Salano disclosed his private medical condition to another inmate. Plaintiff alleges that Salano told the other inmate Plaintiff is HIV positive so that other inmates would harass Plaintiff. Defendant Martinez, who was the building supervisor, allegedly failed to hold his officer accountable for his conduct.

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598-99, 97 S.Ct. 869 (1977), which "clearly encompasses medical information and its confidentiality," Norman-Bloodsaw v. Lawrence

Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) (citations omitted). "[T]he right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public." Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 789-90 (9th Cir. 2002) (citations omitted). The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest. Lawall, 307 F.3d at 790 (citations omitted). The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest. Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996) (quotations and citation omitted).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against Defendant Salano for revealing his HIV status to another inmate, in violation of the Due Process Clause. However, Plaintiff's allegations do not support a claim that Salano's actions rose to the level of an Eighth Amendment violation, and to the extent that Plaintiff is even attempting to pursue such a claim, it fails.[1]

Defendant Martinez allegedly failed to take action against his subordinate after being made aware of the situation. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he

---

[1] The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must alleges facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Further, although "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff has not alleged any facts which would provide a basis for the imposition of liability on Defendant Martinez under section 1983. There are no allegations that Martinez was involved in the disclosure of Plaintiff's medical information, and his failure to punish Salano after the fact did not rise to the level of a constitutional violation.

## IV. Conclusion and Recommendation

Plaintiff's complaint states a claim against Defendant Salano for violating Plaintiff's right to informational privacy under the Due Process Clause, but fails to state a claim against Defendant Martinez. Plaintiff was provided with the opportunity to either amend or proceed only against Defendant Salano, and Plaintiff opted not to file an amended complaint. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed January 31, 2008, against Defendant Salano for violating Plaintiff's right to informational privacy under the Due Process Clause;

2. Plaintiff's Eighth Amendment claim, to the extent one is alleged, be dismissed with prejudice for failure to state a claim; and

3. Defendant Martinez be dismissed from this action based on Plaintiff's failure to state a claim against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 25, 2008**               **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE