# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROBERTS, | CASE NO. 1:08-cv-00162-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED, WITHOUT PREJUDICE |
| v. | |
| CORRECTIONAL OFFICER SALANO, | (Doc. 28) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Addressing Defendant's Motion to Dismiss**

**I.   Procedural History**

Plaintiff James Edward Roberts is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Salano for violating Plaintiff's right to informational privacy under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. On January 23, 2009, Defendant filed a motion to dismiss for failure to exhaust, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b). Plaintiff filed an opposition on March 12, 2009, and Defendant filed a reply on March 20, 2009.[1,2]  Local Rule 78-230(m).

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 29, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 18.)

[2] Plaintiff filed a surreply on May 7, 2009. (Doc. 30.) However, there is no right to file a surreply and the Court did not grant leave to file one. Therefore, the surreply is disregarded, and Defendant's motion to dismiss was deemed submitted on March 20, 2009.

1

## II. Dismissal for Failure to Exhaust

### A. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy

section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

**B.     Defendant's Motion**

Defendant moves for dismissal on the ground that Plaintiff did not exhaust the administrative grievance process. Defendant proffers evidence that Plaintiff submitted an appeal directly to the Director's Level of review on September 24, 2007, bypassing the institutional levels of review. (Doc. 24-2, Ex. A, Grannis Dec., ¶10.) The appeal was forwarded to the institutional appeals coordinator at Corcoran for processing. (Id.) On October 18, 2007, Plaintiff submitted another appeal to the Director's Level of review, which was again screened out because Plaintiff bypassed the institutional levels of review. (Id.) On October 25, 2007, the appeals coordinator at the institution received Plaintiff's first appeal, which had been forwarded by the Director's Level appeals office. (Ex. B, Jones Dec., ¶5.) The appeal was screened out because it was not submitted within fifteen working days, in compliance with the governing regulation. (Id.) No other appeals were submitted concerning Defendant's conduct on August 11, 2007. (Id., ¶6.)

In response, Plaintiff argues that he attempted to exhaust but staff at the prison constantly obstructed his attempts to do so, forcing him to submit a grievance directly to the Director's Level of review.[3] Plaintiff contends that inmate appeals must be handed to a correctional officer for routing, leaving inmates without any way to ensure they reach appeals staff. (Doc. 28, Opp., court record p. 5.) Plaintiff contends that he requested an inmate appeal form and a request form for the law library so that he could obtain a Rights and Responsibility Statement to go with his inmate appeal.[4] Tit. 15, § 3084.1(e). (Id., p. 3.) Plaintiff never received the Rights and Responsibility Statement, and on August 18, 2007, filed his appeal grieving Defendant's conduct without the

---

[3] Plaintiff's opposition is verified and must be treated as a declaration to the extent it sets forth facts which are admissible and which are within Plaintiff's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985).

[4] Section 3084.1(e) provides, "An appeal alleging misconduct by a departmental peace officer as defined in section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in section 3391(d). Failure to submit this form will be cause for rejecting the appeal, in accordance with section 3084.3(c)(5)."

3

statement in order to avoid violating the fifteen day time constraint. (Id.) Plaintiff contends that he received no response to his appeal, and sent an appeal to the Director's Level of review once it became clear prison officials would not cease blocking his efforts to appeal. (Id., pp. 3-5.)

In support of his position, Plaintiff submits handwritten copies of the appeals he drafted on August 18, 2007, and September 10, 2007, both of which he contends were submitted at the institutional level but received no response. (Id., pp. 18-24.) On October 12, 2007, Plaintiff sent handwritten copies of the appeals to the Director's Level, with an explanation that he was filing the appeal at the Director's Level because his appeals dated August 18, 2007, and September 10, 2007, received no response from the institution. (Id., 26-34.)

While the Court may resolve disputed issues of fact on an unenumerated 12(b) motion, Wyatt, 315 F.3d at 1119-20, it cannot assess the credibility of the parties' differing versions of what occurred. The absence of evidence that an appeal was officially filed at the institutional level may indicate Plaintiff never filed the appeal, but it may also indicate that the appeal was discarded or ignored by staff, as Plaintiff contends. See Spence v. Director of Corr., 2007 WL 61006, No. CIV S-05-0690 GEB KFM PC, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007 WL 738528 (E.D.Cal. Mar. 6, 2007); see also Marella v. Terhune, 562 F.3d 983, 985-86 (9th Cir. 2009) (dismissal for failure to exhaust improper where appeals process was rendered unavailable); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when

4

prison officials fail to timely respond to properly filed grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs). In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of credibility, and the Court cannot make that requisite assessment on the motion to dismiss before it.

### III. Conclusion and Recommendation

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed January 23, 2009, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 27, 2009**           **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE