IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER SALANO,<br><br>Defendant.<br>_____/ | 1:08-cv-00162-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE SCHEDULING ORDER AND RESOLVING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (Docs. 50, 55.)<br><br>ORDER VACATING DISCOVERY/ SCHEDULING ORDER OF AUGUST 18, 2009<br>(Doc. 41.)<br><br>ORDER FOR PARTIES TO FILE STATUS REPORTS IN SIXTY DAYS<br><br>Discovery Cut-off Date . . . . . . VACATED<br>Dispositive Motion Deadline . . VACATED |

James Edward Roberts ("plaintiff") is a state prisoner proceeding with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the California State Prison at Lancaster ("CSP-LAC"). This action now proceeds on plaintiff's original complaint, filed January 31, 2008, against defendant Salano for violating plaintiff's right to informational privacy under the Due Process Clause.[1]  On August 18, 2009, the court issued a Discovery/Scheduling Order setting a

---

[1] On October 22, 2008, the court dismissed plaintiff's Eighth Amendment claim, to the extent one was alleged, for failure to state a claim. (Doc. 15.) The court also dismissed defendant Martinez from this action based on plaintiff's failure to state any claims against him. Id. Therefore, the only defendant remaining in this action is defendant Salano.

1

1 | Discovery Cut-off Date of April 18, 2010, and a Dispositive Motion Deadline of June 28, 2010.
2 | (Doc. 41.)
3 |     On March 24, 2010, plaintiff filed a motion for an extension of time to complete discovery,
4 | citing lockdowns at the prison and limited access to the law library.  (Doc. 50.)  On April 15, 2010,
5 | the court received a declaration from another inmate at CSP-LAC, notifying the court that plaintiff
6 | has been moved into a suicide prevention crisis bed at the infirmary.  (Doc. 56.)  On April 16, 2010,
7 | defendant filed a motion to vacate the court's scheduling order of August 18, 2009, reporting that
8 | plaintiff was placed in a mental health crisis center on April 15, 2010, the morning of his deposition,
9 | and was consequently unable to participate in the deposition.  (Doc. 55.)  Based on plaintiff's
10 | unavailability to participate in discovery proceedings, defendant requests the court to vacate the
11 | scheduling order until plaintiff is returned to his regular program.
12 |     A court may modify a scheduling order for good cause.  Fed.R.Civ.P 16(b)(4).  Based on the
13 | foregoing, the court finds good cause to vacate the Discovery/Scheduling order until such time as a
14 | new Discovery/Scheduling order may be issued.
15 |     Accordingly, good cause having been presented to the court, and GOOD CAUSE
16 | APPEARING THEREFOR, IT IS HEREBY ORDERED that:
17 |     1.   Defendant's motion to vacate the court's scheduling order, filed on April 16, 2010,  is
18 |         GRANTED;
19 |     2.   The court's Discovery/Scheduling Order issued on August 18, 2009, is VACATED in
20 |         its entirety;
21 |     3.   Plaintiff's motion for extension of time, filed on March 24, 2010, is RESOLVED; and
22 |     4.   The parties are DIRECTED to file status reports within sixty days from the date of
23 |         service of this order.
24 |
25 |     IT IS SO ORDERED.
26 |     Dated:   **May 7, 2010**               /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE
27 |
28 |