IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARDS ROBERTS,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORRECTIONAL OFFICER SALANO,<br>et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-00162-LJO-GSA-PC<br><br>ORDER REGARDING STATUS<br>OF THIS ACTION<br><br>ORDER FOR PLAINTIFF TO<br>FILE STATUS REPORT<br>WITHIN SIXTY DAYS |

James Edwards Roberts ("Plaintiff") is a state prisoner proceeding with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's original Complaint, filed January 31, 2008, against defendant Salano for violating Plaintiff's right to informational privacy under the Due Process Clause.[1]

On October 14, 2010, Plaintiff filed a status report in this action, in response to the Court's order of September 20, 2010 which ordered him to file a status report within thirty days. (Doc. 65.) Plaintiff reports that he is currently housed in the acute psychiatric facility at the California Medical Facility in Vacaville, California, and is being treated for serious psychiatric issues. Plaintiff explains

---

[1] On October 22, 2008, the Court dismissed Plaintiff's Eighth Amendment claim, to the extent one was alleged, for failure to state a claim. (Doc. 15.) The Court also dismissed defendant Martinez from this action based on Plaintiff's failure to state any claims against him. Id. Therefore, the only defendant remaining in this action is defendant Salano.

1

that he is adjusting to new medications to stabilize his condition.  Plaintiff asserts that he suffers from severe depression and hears voices.  Plaintiff requests a stay of this action until he is able to represent himself and participate in discovery.

As the Court stated in its prior order, the Court cannot hold this case in abeyance indefinitely based on Plaintiff's inability to prosecute.  A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1453 (9th Cir. 1994)).  Discovery in this action was interrupted on May 10, 2010, when the court granted defendants' motion to vacate the scheduling order because of Plaintiff's inability to attend his deposition. (Doc. 57.)  Plaintiff indicates that he intends to resume the prosecution of this action; however, there is no prediction of when he will be able to do so.  The Court shall not impose a formal stay of this litigation at this time.  However, given that defendants agreed to vacate the case deadlines based on Plaintiff's mental issues, the Court finds it reasonable to allow sixty days, after which time Plaintiff shall submit another status report, before determining how the case should proceed.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Within sixty days of the date of service of this order, Plaintiff shall file a Status Report, informing the Court of his intent and ability to prosecute this action; and
2. Plaintiff's failure to comply with this order shall result in the dismissal of this action, without prejudice.

IT IS SO ORDERED.

Dated:   **October 20, 2010**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

2