**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROBERTS, | 1:08-cv-00162-LJO-GSA-PC |
|             Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AS PREMATURE |
| v. | (Docs. 47, 49.) |
| SALANO, et al., | |
|             Defendants. | |

**I.   BACKGROUND**

James Edward Roberts ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's original Complaint, filed on January 31, 2008, against defendant Correctional Officer Salano ("Defendant") for violation of Plaintiff's right to informational privacy under the Due Process Clause.[1] (Doc. 1.)

On August 18, 2009, the Court issued a Discovery/Scheduling Order establishing a deadline of April 18, 2010 for completion of discovery, including motions to compel.[2] (Doc. 41.) On March 17, 2010, Plaintiff filed a motion to compel responses to interrogatories. (Doc. 47.) On March 24,

---

[1] All other claims and defendants were dismissed from this action by the Court on October 22, 2008. (Doc. 15.)

[2] The Discovery/Scheduling Order was vacated by the Court on May 10, 2010. (Doc. 57.) However, the Discovery/Scheduling Order was in effect at the time Plaintiff filed his motions to compel, and the subsequent vacateur of the Order does not affect this ruling.

1

2010, Plaintiff filed a motion to compel production of documents. (Doc. 49.) On March 26, 2010 and April 1, 2010, Defendant filed oppositions to Plaintiff's motions. (Docs. 52, 53, 54.)

## II.  MOTION TO COMPEL - RULE 37(a)

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3),(4). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

Plaintiff argues that Defendant did not respond timely to his discovery requests. Plaintiff claims he served interrogatories upon Defendant on January 28, 2010, and as of March 11, 2010, he had not received any responses to the interrogatories. Plaintiff also claims he served a request for production of documents upon Defendant on February 9, 2010, and as of March 18, 2010, he had not received any response.

In opposition, Defendant argues that Plaintiff's motions to compel are premature, because under the Court's Scheduling Order, Defendant had forty-five days to respond to discovery requests, which gave him until March 19, 2010 to respond to Plaintiff's interrogatories, and until March 26, 2010 to respond to Plaintiff's request for production of documents.

## III.  DISCUSSION

Defendant's arguments have merit. The Court's Discovery/Scheduling order of August 18, 2009, provided that "Responses to written discovery requests shall be due forty-five (45) days after the request is first served." (Order, Doc. 41 at ¶2.)

Plaintiff states that he served his interrogatories on Defendant on January 28, 2010. (Motion, Doc. 47 at 1:18-20.) Plaintiff's copy of the interrogatories confirms that he signed the interrogatories on January 28, 2010. (Id. at page 4 of Exhibit.) Thus, pursuant to the Court's Discovery/Scheduling Order, Defendant's responses to the interrogatories were due forty-five days from January 28, 2010, on March 19, 2010. Therefore, Plaintiff's motion to compel responses to interrogatories, filed on March 17, 2010 is premature and shall be denied as such.

1  Plaintiff states that he served his request for production of documents on Defendant on
2  February 9, 2010.  (Motion, Doc. 49 at 1:16-18.)  Plaintiff's copy of the request for production
3  confirms that he signed the request on February 9, 2010.  (Id. at page 4 of Exhibit.)  Thus, pursuant
4  to the Court's Discovery/Scheduling Order, Defendant's responses to the interrogatories were due
5  forty-five days from February 9, 2010, on March 26, 2010.  Therefore, Plaintiff's motion to compel
6  production of documents, filed on March 24, 2010, is premature and shall be denied as such..

**IV.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel responses to interrogatories, filed on March 17, 2010, is DENIED as premature; and

2. Plaintiff's motion to compel production of documents, filed on March 24, 2010, is DENIED as premature.

IT IS SO ORDERED.

Dated:   **January 31, 2011**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE